UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD STOLTZ<br>c/o his attorneys Tittle & Perlmuter<br>4106 Bridge Avenue<br>Cleveland, Ohio 44113<br><br>On behalf of himself and all others<br>similarly situated,<br><br>        Plaintiff,<br> v.<br><br>FROZEN DAIQUIRI BAR<br>AND RESTAURANT LLC<br>c/o its Statutory Agent<br>James Cleveland<br>17425 Wayne Drive<br>Cleveland, Ohio 44128<br><br>and<br><br>JAMES CLEVELAND<br>17425 Wayne Drive<br>Cleveland, Ohio 44128<br><br>        Defendants. | CASE NO.<br><br>JUDGE<br><br>Magistrate Judge<br><br><br><br><br><br>**PLAINTIFF'S CLASS AND<br>COLLECTIVE ACTION<br>COMPLAINT UNDER THE FAIR<br>LABOR STANDARD ACT AND<br>STATE LAW WITH JURY DEMAND** |

Plaintiff Donald Stoltz, through counsel, for his Class and Collective Action Complaint against Defendants Frozen Daiquiri Bar and Restaurant LLC (hereinafter "FDB") and James Cleveland, states and alleges as follows:

### INTRODUCTION

1. This case challenges pay practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein (the "Ohio Class"), who assert factually-related claims under Ohio's Prompt Pay Act.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within the territorial jurisdiction of this Court. Moreover, as described below, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

7. Plaintiff Donald Stoltz is a citizen of the United States and resident of Cuyahoga County, Ohio.

8. Defendant Frozen Daiquiri Bar and Restaurant LLC is an Ohio limited liability company that conducts business in Cuyahoga County, Ohio.

9. Defendant James Cleveland is the majority owner, operator, and principal manager of Defendant Frozen Daiquiri Bar and Restaurant LLC.

## FACTUAL ALLEGATIONS

### Defendants' Business and Employment of Plaintiff, the Opt-Ins, and Class Members

10. FDB is a bar and restaurant located in Cleveland, Ohio.

11. James Cleveland is the majority owner of FDB and runs its day-to-day operations.

12. Plaintiff, the Potential Opt-Ins who have joined this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class worked for Defendants as hourly, non-exempt employees of Defendants.

13. Plaintiff was employed by Defendants between December 2021 and March 2022 as an hourly, non-exempt manager.

### Defendants' Status as "Employers"

14. FDB is an "employer" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. Defendant Cleveland is also an "employer" pursuant to 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer," FDB, "in relation to employees," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members. As the owner, operator, and principal manager of FDB, Defendant James Cleveland had and has operational control over significant aspects of the company's operations and day-to-day functions, including the timekeeping practices and compensation of FDB's employees. Defendant Cleveland has himself instituted, or knowingly ratified, the unlawful pay practices of the company described herein.

16. Department of Labor regulations provide that employees may work simultaneously for two or more joint employers. 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id*. Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions. *Id*.

17. Defendants were joint employers of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.

18. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendants Failed to Pay Employees for All Hours Worked**

19. The FLSA required Defendants to pay employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g).

20. Plaintiff, the Potential Opt-Ins, and the Ohio Class members were employed by Defendants as non-exempt, hourly employees.

21. Those individuals performed various functions for Defendants, including but not limited to managerial duties, cooking, dishwashing, bartending, and serving.

22. On December 16, 2021, Defendants agreed to hire Plaintiff at an hourly rate of $20.00 per hour:

## OFFER FOR EMPLOYMENT

Date: December 16 2021

Dear Donald Stoltz,

Frozen Daiquiri Bar & Restaurant with a mailing address of 1313 Old River Rd, Cleveland, Ohio, 44113 is pleased to offer you an employment position with our organization in accordance with the terms below:

**I. POSITION OFFERED.**

   a.) **Title**. General Manager
   b.) **Duties**. TBD

**II. TERMS.**

   a.) **Supervisor**. James Cleveland
   b.) **Start Date**. December 20 2021
   c.) **End Date**. Indefinitely
   d.) **Employment**. Full-Time
   e.) **Pay**. Hourly rate of $20
   f.) **Benefits**. TBD
   g.) **Vacation**. TBD
   h.) **Personal / Sick Leave**. TBD

**III. CONDITIONS.**

   a.) **Acceptance**. Employee must accept this offer by December 17 2021.
   b.) **Background Report Required?** No

23. Plaintiff accepted the offer and began working for Defendants that month.

24. Despite that work, Defendants failed to pay Plaintiff for his working time. Plaintiff made numerous attempts to be paid for his work from Defendant Cleveland (who goes by "BJ"):





25. Defendants also failed to pay its other non-exempt, hourly employees for the time they worked.

26. When Defendants' other employees were not paid for their work, they complained to Plaintiff who reached out to Defendant Cleveland on their behalf, but his inquiries went unanswered:



27. Plaintiff and his co-workers continually made efforts to be paid for all hours they worked but were consistently and uniformly denied.

28. As a result of these companywide policies, Defendants did not pay Plaintiff, the Potential Opt-Ins, and the Class Members for all of the hours they were suffered or permitted to work.

6

29. As a result of practices such as those described and, Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were deprived of regular and overtime pay earned by them and owed to them.

30. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members frequently worked forty or more hours per workweek, and thus, absent Defendants' failure to pay for all hours worked including by the practices described above, would have received overtime compensation, or additional overtime compensation.

### Defendants Failed to Pay Reimburse Plaintiff for Out-of-Pocket Expenses

31. During his employ, Defendants directed Plaintiff to purchase certain items for Defendants' benefit that would be used for Defendants' business operations.

32. At their request, Plaintiff purchased those items, with personal funds, which totaled $2,617.16.

33. Defendants have consistently and uniformly denied Plaintiff's requests to be reimbursed for those expenses.

### The Willfulness of Defendants' Violations

34. Defendants knew that Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were entitled to compensation for all hours worked and overtime compensation for hours over 40 in a workweek under both federal and state law, or acted in reckless disregard for whether they were so entitled.

35. Defendants intentionally and willfully circumvented the requirements of the FLSA and state law. As shown above, Defendants knew that its employees were owed the wages they complained about and that their failure to pay them was a violation of federal and state wage-and-hour laws.

**Defendants' Retaliation**

36. During his employment, Plaintiff filed numerous complaints with Defendants in an attempt to be paid for the hours he worked.

37. Plaintiff also filed numerous complaints with Defendants in an attempt make Defendants pay their other employees for the hours they worked.

38. On May 2, 2022, Plaintiff made multiple inquiries to Defendant Cleveland and FDB's other minority owners in an attempt to get paid for the hours that he worked for the bar.

39. Throughout the evening of May 2, 2022, Plaintiff had numerous text message exchanges and phone calls with Defendant Cleveland and FDB's minority owners, as well as a phone call with Defendant Cleveland with a single goal of getting paid for those unpaid working hours.

40. Plaintiff's complaints to be paid for his unpaid work were activities protected by the FLSA.

41. The following day, on May 3, 2022, Defendants terminated Plaintiff's employment.

42. Defendants' termination of Plaintiff's employment was in direct response to his complaints regarding unpaid wages and constitutes unlawful retaliation under the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of themselves and other employees similarly situated. "

45. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All nonexempt, hourly employees of Defendants who worked during the period three years preceding the commencement of this action to the present.

46. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subject to and injured by Defendants' unlawful timekeeping and payroll practices, and all have the same claims against Defendants for unpaid overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

47. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) was proper and necessary, and all such persons were sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

48. Upon information and belief, the number of similarly-situated persons exceeds 20 persons.

## CLASS ACTION ALLEGATIONS

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Plaintiff brings this case on behalf of himself and other members of a proposed Ohio Class, defined as:

> All nonexempt, hourly employees of Defendants who worked during the period three years preceding the commencement of this action to the present.

51. The Ohio Class is so numerous that joinder of all Class Members is impracticable. Plaintiff avers, upon information and belief, that the Ohio Class totals in excess of 20 employees of Defendants. The number of Class Members as well as their identities are ascertainable from

records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

52. Questions of law or fact common to the Ohio Class predominate, including but not limited to:

   a) Whether Defendants required Plaintiff and other Class Members to perform unpaid work during and their shifts;

   b) Whether Defendants knew or should have known that Class Members were working but still failed to pay them;

   c) Whether Defendants violated Ohio law by failing to pay Plaintiff and the other Class Members for all hours they suffered or were permitted to work; and

   d) Whether Defendants violated Ohio law by failing timely to pay Class Members for all hours worked on a semi-monthly basis, and never rectifying that failure to pay in a timely manner.

53. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

54. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

55. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

56. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
**(FLSA Overtime Violations
on behalf of Plaintiff and Putative Opt-Ins)**

57. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. Plaintiff bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) is filed herewith.

59. The FLSA required Defendants to pay their non-exempt employees regular and overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

60. Defendants failed to pay regular and overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked, including hours in excess of forty hours in a workweek.

61. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

62. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages and overtime compensation due to

them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Prompt Pay Act Violations on behalf of Plaintiff and Putative Class)

63. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

65. Defendants failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Ohio Class Members entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## COUNT THREE
### (Unlawful Retaliation in Violation of the FLSA on behalf of the Plaintiff)

66. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67. Plaintiff brings this claim for violation of the FLSA's anti-retaliation provisions on his own, individual behalf.

68. At all times relevant herein, Plaintiff's employment by Defendants was covered by the FLSA

69. Section 215(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), prohibits retaliation against an employee because he "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" his rights contained in the FLSA.

70. Plaintiff filed numerous complaints by requesting from Defendants that he be paid for the hours he worked for them.

71. In direct response to those complaints, Defendants terminated Plaintiff's employment.

72. Defendant's adverse employment action constituted a retaliatory action, undertaken in direct response to Plaintiff's assertion of his workplace rights as protected by the FLSA.

73. As a direct result of Defendants' actions, Plaintiff has suffered damages and emotional distress.

74. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to legal and equitable relief, including compensatory and punitive damages, as well as re reasonable attorneys' fees and costs.

**COUNT FOUR**
**(Unjust Enrichment**
**on behalf of Plaintiff and Putative Class)**

75. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

76. Defendants have been unjustly enriched at Plaintiff's and the Class Members' expense and to Plaintiff's and the Class Members' detriment by Defendants' failure to repay

Plaintiff for the supplies Defendants' directed him to purchase, and by Defendants' failure to pay Plaintiff and the Class Members for all hours they worked for Defendants.

77. Plaintiff and the Class Members have been damaged as a result of Defendants' unlawful failure conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E. Award compensatory damages to Plaintiff for his unreimbursed expenses;

F. Award compensatory damages to Plaintiff and such other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3);

G. Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class pre- and post-judgment interest; and

H. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
4106 Bridge Avenue
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

/s/ Joshua B. Fuchs
Joshua B. Fuchs (0087066)
24870 Fairmount Boulevard
Beachwood, Ohio 44122
216-505-7500 [phone and fax]
josh@fuchsfirm.com

Attorneys for Plaintiff

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Joshua B. Fuchs

15